IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ARSELIA DOMINGUEZ, Individually and as Representative of the Estate of LUZ ELENA DOMINGUEZ, deceased and as Next Friend of ALISON JIMENEZ, ALYN JOSELYN DOMINGUEZ and ARELI JALEAH DOMINGEZ § § § § § § | C.A. NO. 2:12-cv-00822 |
| VS. § § | |
| MIDWEST CARRIER, INC., MOHAMED DAHIR and GREAT DANE TRAILERS, INC. § § | |

PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ARSELIA DOMINGUEZ, Individually and as Representative of the estate of LUZ ELENA DOMINGEZ, deceased and as Next Friend of ALISON JIMENZ, ALYN JOSELYN DOMINGUEZ and ARELI JALEAH DOMINGEZ, hereinafter referred to as Plaintiff, complaining of MIDWEST CARRIER, INC., MOHAMED DAHIR and GREAT DANE TRAILERS, INC. hereinafter referred to as Defendants, and for cause of action, Plaintiff would show unto the Court as follows:

I. JURISDICTION/VENUE

This Honorable Court has jurisdiction over this action pursuant to Title 28 U.S.C. § 1332(a). The parties herein are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of costs and interest

II. PARTIES

Plaintiff is a resident of Titus County, Texas.

Defendant, MIDWEST CARRIER, INC., is a corporation organized and existing under and

1

by virtue of the laws of the State of Minnesota. Said Defendant has been properly served, and has filed an Answer herein. A copy of this amended petition is being forwarded to its counsel of record, William Moye, Thompson, Coe, Cousins & Iron, L.L.P, One Riverway, Ste. 1600, Houston, Texas 77056.

Defendant, MOHAMED DAHIR, is a resident of Columbus, Ohio. Said Defendant has been properly served, and has filed an Answer herein. A copy of this amended petition is being forwarded to his counsel of record, William Moye, Thompson, Coe, Cousins & Iron, L.L.P, One Riverway, Ste. 1600, Houston, Texas 77056.

Defendant, GREAT DANE TRAILERS, INC., is a corporation organized and existing under and by virtue of the laws of the State of Illinois. Said Defendant has not appointed or maintained a designated agent for service in the State of Texas and does not maintain a place of regular business in this State; however, said Defendant through its agents, servants and/or employees has performed acts of engaging in business in the State of Texas. Accordingly, pursuant to the provisions of Article 2031b, Vernon's Annotated Texas Statutes, said Defendant has appointed the Secretary of the State of Texas, as agent upon whom service of process can be made, who shall forward a copy of the process by registered mail by serving their Registered Agent, CT Corporation Systems, 208 SO Lasalle St., Ste 814, Chicago, IL 60604.

### III. CONDITIONS PRECEDENT/CAPACITIES

All conditions precedent to Plaintiff's recovery have been performed or have occurred. Plaintiffs sue Defendant in all capacities under which she is entitled to recover.

### IV. FACTUAL ALLEGATIONS

On or about April 20, 2012, LUZ ELENA DOMINGEZ was driving westbound on IH30 in the outer most lane in Titus County, Texas. Defendant Mohamed Dahir was driving directly ahead

of Plaintiff Dominguez. Despite the posted speed limit being 70 M.P.H. at that area of IH 30, Defendant Dahir was traveling at a speed less than 40 M.P.H. This caused Plaintiff Dominguez to strike the rear of the trailer being towed by the vehicle driven by Defendant Dahir. Plaintiff Dominguez's vehicle "under-rode" the trailer.

The trailer (1998 Great Dane TRL, vin #1GRAA0624WW057940, hereinafter referred to as "the trailer"), being towed by Defendant Dahir, was designed, manufactured, and sold by Defendant Great Dane Trailers, Inc.  At the time of the collision, the trailer was owned/leased by Defendant Midwest Carrier. When the trailer, specifically the "rear under-ride guard," was designed, manufactured and/or sold by Defendant Great Dane, it failed to properly design and manufacture the same such that it could sustain its mechanical integrity in the event of a rear collision. Further, the "rear under-ride guard" was not designed or manufactured to prevent or limit oxidation of the metal, as to rust from compromising the mechanical integrity of the metal. As such, the "rear under-ride guard" was defectively designed, manufactured by Defendant Great Dane. This defect allowed Plaintiff's vehicle to "under-ride" the trailer in question. The integrity of Plaintiff's passenger compartment was violated by the trailer as a result of the collision. Plaintiff Dominguez was fatally injured.

Upon information and belief, at all time prevalent to this case at bar, the trailer was owned, leased, and maintained by Defendant Midwest Carrier. However, Defendant Midwest Carrier failed to properly and timely inspect the trailer and/or failed to properly maintain the trailer in question for use on public roadways.

## V.

As a result of said defect, Plaintiff has sustained severe injuries including property damage, as well as consequential and incidental damages. Plaintiff would show that the injuries were brought

about to occur and were caused solely by the wrongful and tortious conduct of the Defendants herein named.

Although all facts plead herein shall not operate to limit or otherwise defeat any claims of Plaintiff, it is noted that Defendants exercised substantial control over the contents of instructions or warnings of the subject trailer, and these instructions or warnings were inadequate and such inadequacies harmed Plaintiff.

Furthermore, Defendant knew of the trailer's defect at the time it supplied the trailer. As a result of said collision, Plaintiff sustained severe property damage, as well as severe and permanent personal injuries, including eventually death.

## VI. LIABILITY OF MIDWEST CARRIER, INC. AND GREAT DANE TRAILER, INC.

Plaintiff would show that the vehicle was designed or otherwise placed into the stream of commerce by Midwest Carrier, Inc. and Great Dane Trailers, Inc. The trailer involved in this case was designed by Defendant, Great Dane with a rear under-ride guard and/or added elevation to allow passenger vehicles to submarine the floor of the trailer—thereby permitting the trailer to invade the fragile passenger compartment of passenger vehicles causing foreseeable and horrific injuries to occupants. Plaintiff would show that Defendant, Great Dane was aware of this foreseeable risk of harm and persisted in designing these defective trailers in light of this known risk. Plaintiff would show that Defendant is liable in strict liability and/or negligence for the defective design of the trailer involved in this case. Plaintiff would further show that Defendant was well aware of feasible and reasonable alternative designs to prevent side under-rides and/or submarine of passenger vehicles under tractor trailers, and that such alternative design was affordable and would have prevented the very injuries and damages complained of in this litigation. Therefore, Plaintiff sues Defendant under products liability law, and further complains that

Defendant's conduct was undertaken with legal malice such that punitive and/or exemplary damages should be awarded.

## VII.

Plaintiff claims that Defendant, Great Dane is strictly liable for the design relating to the trailer, its uses, and the resulting injuries and damages complained of herein.

## VIII.    PRODUCTS LIABILITY—GENERAL NEGLIGENCE

The Defendant Great Dane in manufacturing or distributing the 1998 Great Dane TRL (the defective product) and substantially similar trailers, had a duty to the Plaintiff to do so in a reasonable manner and to ensure that the product was without defect. The Defendant breached this duty when they placed the defective product into the stream of commerce either with knowledge or negligently unaware of its defective nature and propensity, to cause harm to individuals such as the Plaintiff. As a direct and proximate result of the Defendants' negligence, the defective 1998 Great Dane TRL has caused harm and injury to the Plaintiff.

## IX.    STRICT PRODUCTS LIABILITY

Defendant Great Dane, at all times relevant to this action, engaged in the business of designing, manufacturing, marketing, distributing, and/or selling "the trailer" with defective rear "under-ride guard" to the general public.

The Defendant knew and intended that their rear "under-ride guard" placed in their 1998 Great Dane TRL trailers were designed, manufactured, marketed, distributed, or sold by the Defendant would be purchased and used by persons who would rely upon the Defendant. The Defendant further expressly represented to the consuming public that rear the "under-ride guard" installed on their 1998 Great Dane TRL trailers were safe and that the trailers, as a whole, were safe for operation.

"The trailer", at the time of original purchase, was defective and unsafe for its intended purpose in that it was not safe for operation.  Specifically, the rear 'under-ride guard" was defectively designed, manufactured, and marketed.

Plaintiff is informed and believes, and thereon, alleges that Defendant, Great Dane:

a. knew or should have known that "the trailers," and others substantially similar to it, designed, manufactured, marketed, distributed, or sold by the Defendant were defective and dangerous in the manner alleged above;

b. knew or should have known that because of the defect, "the trailer" and others substantially similar to it could not safely be used for the purposes for which they were intended;

c. knew or should have known that the 1998 Great Dane TRL trailers and others substantially similar to it were defective and dangerous, and in conscious disregard of the safety of the public, placed them in the stream of commerce within public markets, without warning customers or the unknowing public of the defect;

d. knew or should have known that when "the trailer" and others substantially similar to it were placed in the stream of commerce, they would be sold to and used by the general public;

e. represented that the 1998 Great Dane TRL trailers were safe when in fact they were not; and

f. the Defendant in designing, manufacturing, marketing, distributing, or selling this trailer and others substantially similar to it, had a duty to the Plaintiff and other customers to do so in a reasonable manner and to ensure that the product was without defect.  The Defendant breached these duties by placing the defective product and others substantially similar to it into the stream of commerce when they knew or reasonably should have known of the products' defective nature and of their propensity to cause harm.

### X.  PRODUCTS LIABILITY—DEFECT IN DESIGN, MANUFACTURE, AND ASSEMBLY

The 1998 Great Dane TRL trailers with defective rear "under-ride guard" at issue and others substantially similar to it that are the subject of the instant action were not reasonably fit, suitable, or safe for their intended use by reason of a defect in their design, manufacture, labeling, or assembly,

which caused them to be dangerous including, *inter alia*, incapable of being safely used in the manner labeled so as to prevent injury, movement of the vehicle, collision with other cars or persons, death, injury, or damage upon impact with another object, person, or vehicle.

The defect in design, manufacture, labeling, or assembly existed at the time the Defendant placed the trailer at issue and others substantially similar to it into the stream of commerce. The rear "under-ride guard" at issue and others substantially similar to it were used in their intended and reasonably foreseeable way when they caused injury to the Plaintiff. As a direct and proximate result thereof, the Plaintiff has been injured and damaged.

### XI.  PRODUCTS LIABILITY—FAILURE TO WARN OF DANGER IN USE OF PRODUCT

At all relevant times the trailer at issue, and others substantially similar to it manufactured or distributed by Defendant Great Dane, was defective as a result of the fact that the rear under-ride guard and component parts and structures were defectively designed and manufactured and the Defendant failed to give adequate warning that the particular risk rendered the product unsafe for its intended or reasonably foreseeable use. The Plaintiff is informed and believes and thereon alleges that at all relevant times the Defendant had specific knowledge of the risk or could have known of the risk by the application of scientific knowledge available at the time of the manufacture of the product. At all times herein mentioned, the Defendant knew the trailer at issue and others substantially similar to it were defective in the manner herein alleged, that in all likelihood the trailer at issue and others substantially similar to it would cause serious injury, damage, and/or death as a result of the increased risk of fires.  Notwithstanding this knowledge, the Defendants failed to give any notice and/or properly warn of this significant risk of harm, thus causing them to injure the Plaintiff and other members of the general public. As a direct and proximate result of the

Defendants' failure to warn of the 1998 Great Dane TRL trailers propensity to fail, Plaintifff was injured.

### XII.     GENERAL AND GROSS NEGLIGENCE

The Defendant Great Dane was both <u>ordinarily and grossly negligent</u> in one or more of the following respects:

1. Failing to warn the Plaintiff, the use of "the trailer" and others substantially similar to it, which were not safe for their intended purpose, i.e., *inter alia*, safe operation on public roadways;

2. Failing to test "the trailer" and others substantially similar to it for dangerous defects including, *inter alia*, the appropriate design, manufacture, and installation of the transmissions and/or shift mechanisms and/or related parking equipment, safety rating, and the appropriate marking or warnings;

3. Failing to adequately instruct users on the use of "the trailer" and others substantially similar to it;

4. Failing to know the dangers of "the trailer" at issue and others substantially similar to it;

5. Failing to adequately warn the Plaintiffs and others similarly situated that "the trailer" at issue was defective; and

6. Failing to adequately train its employees to safely design, test, recall, and manufacture the vehicle at issue and others substantially similar to it.

The Defendant Midwest Carrier was both <u>ordinarily and grossly negligent</u> in one or more of the following respects:

1. Failing to know the dangers of "the trailer" at issue and others substantially similar to it;

2. Failing to adequately and timely inspect the trailer, prior to allowing it to operate on public roadways; and

3. Failing to use ordinary care in maintaining, repairing, and/or operating "the trailer."

The acts, omissions, and/or wrongs of the Defendants outlined above constitutes negligence, gross negligence, and/or malice, are a proximate and producing cause of the damages suffered by Plaintiff.

### XIII. LIABILITY OF MOHAMED DAHIR

On the occasion in question, the Defendant, Mohamed Dahir, was guilty of certain acts, wrongs and /or omissions, each and all amounting to negligence. Said acts, wrongs, and/or omissions include, without limitation, the following:

1. In operating vehicle at an unsafe speed (too slow); and

2. In committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial.

All of the above acts, wrongs, and/or omissions, as well as various other acts, wrongs, and/or omissions on the part of the Defendant amounted to negligence and were the proximate cause of the resulting damages and injuries suffered to and by the Plaintiff.

### XIV.

Additionally, and alternatively, Plaintiff alleges that Defendants are negligent in causing and/or contributing to the complained-of damages and injuries in this suit, for which Plaintiff seeks recovery of damages herein. Plaintiff additionally claims that the Defendants' conduct, actions and/or inactions were grossly negligent for which Plaintiff seeks punitive damages.

### XV.

In particular, ALISON JIMENZ, ALYN JOSELYN DOMINGUEZ and ARELI JALEAH DOMINGEZ, are the surviving children of LUZ ELENA DOMINGUEZ, deceased. They are additionally entitled to recover, and hereby sue for, the following element damages:

1. Mental anguish sustained in the past as a result of the death of their mother;

2. Mental anguish which, in reasonable probability, they will sustain in the future as a result of the death of their mother;

3. Loss of companionship and society sustained in the past as a result of the death of their mother;

  4.  Loss of companionship and society which, in reasonable probability, they will sustain in the future as a result of the death of their mother;

  5.  Pecuniary loss sustained in the past as a result of the death of their mother;

  6.  Pecuniary loss which, in reasonable probability, the will sustain in the future as a result of the death of their mother;

  7.  Loss of inheritance and/or loss of addition to the Estate of LUZ ELENA DOMINGUEZ sustained in the past as a result of the death of their mother; and

  8.  Loss of inheritance and/or loss of addition to the Estate of LUZ ELENA DOMINGUEZ which, in reasonable probability, they will sustain in the future as a result of the death of their mother.

The above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendants herein.

## XVI.

Plaintiff, ARSELIA DOMINGUEZ, is the surviving mother of LUZ ELENA DOMINGUEZ, Deceased. She is additionally entitled to recover, and hereby sues for, the following elements of damages:

  1.  Mental anguish sustained in the past as a result of the death of her daughter;

  2.  Mental anguish which, in reasonable probability, she will sustain in the future, as a result of the death of her daughter;

  3.  Loss of companionship and society sustained in the past as a result of the death of her daughter;

  4.  Loss of companionship and society which, in reasonable probability, she will sustain in the future as a result of the death of her daughter;

  5.  Pecuniary loss sustained in the past as a result of the death of her daughter; and

  6.  Pecuniary loss which, in reasonable probability, she will sustain as a result of the death of her daughter.

The above-listed elements of damages were brought about to occur and were proximately

caused by the negligence of the Defendants herein.

### XVII.

ARSELIA DOMINGUEZ, as Representative of The Estate of LUZ ELENA DOMINGUEZ, Deceased, would further show that said Estate is entitled to recover, and hereby sues for, the following elements of damages:

1. Physical pain and mental anguish sustained by LUZ ELENA DOMINGUEZ as a result of the collision of question and prior to her death; and

2. Reasonable and necessary funeral and burial expenses for the funeral and burial of LUZ ELENA DOMINGUEZ.

The above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendants herein.

### XVIII.

Although the amount to be awarded herein to Plaintiff for their actual damages is a matter lying largely within the discretion of the Jury, your Plaintiff would show that said amount greatly exceeds the minimum jurisdiction of this Honorable Court.

### XIX.

Additionally, Plaintiff would show that the actions and inactions of the Defendants, as alleged herein, whether taken separately or together, will have such a character as to indicate that they were the result of the conscience indifference to the rights, welfare and safety of the Plaintiff. Therefore, Plaintiff says that the Defendants are guilty of gross negligence for which they should be held liable in punitive and exemplary damages to the Plaintiff in an amount of at least four (4) times the actual damages.

### XX.

Plaintiff also asserts a claim for prejudgment interest for all elements of damage that such interest is allowed for.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be duly cited in terms of law to appear and answer herein, and that upon final hearing, Plaintiff has judgment against said Defendants, which are within the minimal jurisdictional limits of this Court, for both pre- and post-judgment interest thereon at the legal rate, for both punitive and exemplary damages, for cost of court, and for such other and further relief, special or general, at law or in equity, to which Plaintiff may show themselves justly entitled to receive.

Respectfully submitted,

PROVOST ✶ UMPHREY LAW FIRM, L.L.P.
490 Park Street
P. O. Box 4905
Beaumont, Texas 77704
(409) 835-6000
Fax (409) 838-8888


By: /s/ Joe Fisher, II_____
    Joe Fisher, II
    Texas Bar Assn. #00787471

ATTORNEYS FOR PLAINTIFF


## JURY DEMAND

Plaintiff respectfully demands a trial by jury.


/s/ Joe Fisher, II_____
Joe Fisher, II