IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ARSELIA DOMINGUEZ, Individually and as Representative of the Estate of LUZ ELENA DOMINGUEZ, Deceased and as Next of ALISON JIMENEZ, ALYN JSELYN DOMINGUEZ and ARELI JALEAH DOMINGUEZ<br><br>Plaintiffs,<br><br>vs.<br><br>MIDWEST CARRIER, INC., MOHAMED DAHIR and GREAT DANE TRAILERS, INC.<br><br>Defendants. | § § § § § § § § § § § § § § § § | NO. 2:12-CV-00822<br><br>(JURY) |

## DEFENDANT CRA TRAILERS, INC.'S
## MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF REPOSE

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW,** CRA Trailers, Inc. (f/k/a "Great Dane Trailers, Inc.") (referred to herein as "CRA Trailers"), a defendant in the above-styled and numbered cause, and files its Motion for Summary Judgment Based on Statute of Repose, and would respectfully show as follows:

### I.
### STATEMENT OF THE ISSUE TO BE DECIDED BY THE COURT

1. The Court should grant summary judgment in favor of CRA Trailers on all of Plaintiffs' claims against CRA Trailers, because all of their claims are barred by the applicable fifteen-year Statute of Repose, set forth in Tex. Civ. Prac. & Rem. Code §16.012.

### II.
### EVIDENCE IN SUPPORT

2. The following evidence supports CRA Trailers's Motion for Summary Judgment Based on Statute of Repose:

| | |
|---|---|
| **Exhibit A:** | Affidavit from Daniel E. Carter, Director Product Safety and Compliance for Great Dane Limited Partnership, regarding sale and delivery of the subject trailer and authenticating electronic file documents for the subject trailer |
| **Exhibit A-1:** | Electronic file documents for the subject trailer |
| **Exhibit A-2:** | Warranty form in effect at the time of sale of the subject trailer |
| **Exhibit B:** | Plaintiffs' First Amended Complaint joining Great Dane Trailers, Inc. (n/k/a CRA Trailers, Inc.), originally filed September 4, 2013 |
| **Exhibit C:** | Texas Civil Practice & Remedies Code §16.012 |

This summary judgment evidence is attached and incorporated by reference in this Motion.

## III.
## STATEMENT OF UNDISPUTED MATERIAL FACTS
## AND PROCEDURAL BACKGROUND

3. According to Plaintiffs' First Amended Complaint, this suit arises out of an automobile crash that occurred on westbound Interstate Highway 30 in Titus County, Texas, on April 20, 2012.[1] Decedent Luz Elena Dominguez was driving westbound on IH 30 when she struck the rear of a combination truck-trailer driven by Defendant Mohamed Dahir.[2] The subject trailer that serves as the basis of Plaintiffs' negligence, gross negligence and strict liability claims against CRA Trailers is a 1998 Great Dane trailer (VIN 1GRAA0624WW057940).[3] Plaintiffs allege that Mr. Dahir was driving the combination truck-trailer westbound on IH 30 when Ms. Dominguez struck the rear of the subject trailer in her vehicle.[4]

4. Plaintiffs joined Great Dane Trailers, Inc. (n/k/a CRA Trailers, Inc.) to this suit on September 4, 2013—more than 15 years after the sale of the subject trailer. Plaintiffs allege that "[t]he trailer (1998 Great Dane TRL, vin #1GRAA0624WW057940, hereinafter referred to as "the subject trailer"), being towed by Defendant Dahir, was designed, manufactured, and sold by

---

[1] *See* Exhibit B at pp. 2-3.
[2] *See id.*
[3] *See id.* at p. 3.
[4] *See id.*

Defendant Great Dane Trailers, Inc.", and that Great Dane "failed to properly design and manufacture the same such that it could sustain its mechanical integrity in the event of a rear collision."[5] Because Plaintiffs joined CRA Trailers more than 15 years after the date of sale of the subject trailer, CRA Trailers is entitled to summary judgment on all Plaintiffs' claims against it under the Texas Statute of Repose.[6]

## IV.
## SUMMARY JUDGMENT STANDARD

5.  Federal Rule of Civil Procedure 56(b) provides "[a] party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

6.  The purpose of summary judgment is to pierce the pleadings and to assess the proof to determine if a genuine need for trial exists. *Beeler v. Rounsavall*, 328 F.3d 813, 816 (5th Cir. 2003). Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is particularly appropriate when the questions to be decided are issues of law. *Flath v. Garrison Pub. Sch. Dist.*, 82 F.3d 244, 246 (8th Cir. 1996). Once the moving party

---

[5] *Id.*

[6] CRA Trailers further submits that it would be entitled to summary judgment in this action for the additional reason that it is not the actual manufacturer of the subject trailer. In 1997, a separate entity, Great Dane Limited Partnership, acquired the manufacturing assets and the "Great Dane Trailers" trade name from Great Dane Trailers, Inc., which then changed its corporate name to CRA Trailers, Inc., and discontinued all manufacturing operations. The subject trailer was manufactured in the following year by Great Dane Limited Partnership. Nonetheless, even if the proper business entity were to be substituted as a defendant in this action, the Texas Statute of Repose would still defeat the Plaintiffs' claims, as more than 15 years have passed since the trailer was first sold. See Exhibit A at paragraph 2.

presents the district court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate. *Id.*

7. The United States Supreme Court in *Celotex Corp. v. Catrett* observed: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp.*, 477 U.S. 317, 322–23 (1986).

## V.
## ARGUMENTS AND AUTHORITIES

**A.    Standard Imposed by the Statute of Repose, § 16.012.**

8. Texas Civil Practice and Remedies Code section 16.012 mandates that "a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant."[7]

9. The statute defines "products liability action" as any action in which a plaintiff seeks recovery for damages allegedly caused by a defective product:

> "Products liability action" means any action against a manufacturer or seller for recovery of damages or other relief for harm allegedly caused by a defective product, whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories, and whether the relief sought is recovery of damages or any other legal or equitable relief, including a suit for:
>
> (A) injury or damage to or loss of real or personal property;
> (B) personal injury;
> (C) wrongful death;
> (D) economic loss;  or
> (E) declaratory, injunctive, or other equitable relief.

*See* Exhibit C, TEX. CIV. PRAC. & REM. CODE § 16.012(a)(2).

---

[7] *See* Tex. Civ. Prac. & Rem. Code § 16.012(b), attached hereto as **Exhibit C**.

10. In this case, Plaintiffs' claims against CRA Trailers fall squarely within section 16.012's definition of "products liability action." Each claim is based upon alleged defects in the subject trailer and the status of CRA Trailers' alleged design, manufacture and/or sale of the subject trailer. Accordingly, Plaintiffs' claims against CRA Trailers are subject to the 15-year Statute of Repose.

**B.     The exceptions to § 16.012 do not apply.**

11. Texas Civil Practice and Remedies Code § 16.012 recognizes only the following two instances in which the statute of repose does not apply: (1) when the manufacturer expressly warrants in writing that the product has a useful safe life of longer than 15 years; or (2) a personal injury or wrongful death action in which the claimant was exposed to the subject product and (a) the product caused his disease, (b) claimant was exposed to the product before the end of 15 years after the date of sale, and (c) the symptoms of the claimant's disease did not manifest themselves before the end of the 15 years.[8] Neither is applicable in this case.

12. First, if CRA Trailers had expressly warranted in writing that the subject trailer would have a useful safe life of more than 15 years, then a claimant would have until the end of the time period warranted to bring a products liability claim.[9] CRA Trailers never made such an express warranty regarding the subject trailer, and there are no allegations otherwise.[10] Section 16.012(c), therefore, does not save Plaintiffs' claims against CRA Trailers in this case.

13. The other situation excepted from the 15-year absolute bar involves situations where a claimant was exposed to a product before the end of 15 years from the date the product was originally sold and that exposure caused him disease.[11] Plaintiffs do not allege they have

---

[8] *See id.* § 16.012(c) and (d).
[9] *Id.* § 16.012(c).
[10] *See* Exhibits A and A-2.
[11] *See* Exhibit C, § 16.012(d).

sustained a disease from being exposed to the subject trailer.[12] Because § 16.012(d) also does not apply to the facts of this case, Plaintiffs cannot bring a products liability action against CRA Trailers after the end of 15 years from the date the subject trailer in question was sold.

**C.     Plaintiffs' claims against CRA Trailers commenced more than 15 years from the date the Subject Trailer was sold.**

14.     The plain language of section 16.012 shows this statute is intended to cut off a right of action after a 15-year period of time, without regard to the discovery or accrual of a claim. For this reason, section 16.012 is a statute of repose, as opposed to a statute of limitation. *Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003); *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 654 (Tex. 1989). "Unlike traditional limitations provisions, which begin running upon accrual of a cause of action, a statute of repose runs from a specified date without regard to accrual of any cause of action." *Trinity River Auth. v. URS Consultants*, 889 S.W.2d 259, 261 (Tex. 1994).

15.     In this case, the sale and delivery of the subject trailer occurred in April 1998, and Great Dane received payment for the trailer in May 1998.[13] The earliest claims against CRA Trailers in this matter were filed on September 4, 2013, more than 15 years after the first sale of the subject trailer.[14] Section 16.012 prohibits Plaintiffs' claims against CRA Trailers. Thus, CRA Trailers is entitled to summary judgment as a matter of law on Plaintiffs' claims.

# VI.
# CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** Defendant CRA Trailers prays that its Motion for Summary Judgment Based on Statute of Repose be in all things granted, that CRA

---

[12]     *See generally* Exhibit B, Plaintiffs' First Amended Complaint.
[13]     *See* Exhibit A at ¶ 4; Exhibit A-1.
[14]     *See* Exhibit B.

Trailers recover its costs herein expended, and that CRA Trailers be awarded such other and further relief, in law or in equity, to which CRA Trailers may show itself justly entitled.

Respectfully submitted,

*/s/ Kyle H. Dreyer*_____
**KYLE H. DREYER** (Attorney-in-Charge)
State Bar No. 06119500
**AARON J. BURKE**
State Bar No. 24073977
**HARTLINE DACUS BARGER DREYER LLP**
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
(214) 369-2100
(214) 369-2118 (fax)

**ATTORNEYS FOR DEFENDANT CRA TRAILERS, INC.**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record, who are deemed to have consented to electronic service, are being served with a copy of this document in accordance with the Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(c), via the Court's CM-ECF system on this 23rd day of January, 2014.

*/s/ Kyle H. Dreyer*