IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ARSELIA DOMINGUEZ, Individually and as Representative of the Estate of LUZ ELENA DOMINGUEZ, deceased and as Next Friend of ALISON JIMENEZ, ALYN JOSELYN DOMINGUEZ and ARELI JALEAH DOMINGEZ | § § § § § § | |
| | § | C.A. NO. 2:12-cv-00822 |
| VS. | § § § | |
| MIDWEST CARRIER, INC., MOHAMED DAHIR and GREAT DANE TRAILERS, INC. | § § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ARSELIA DOMINGUEZ, Individually and as Representative of the estate of LUZ ELENA DOMINGEZ, deceased and as Next Friend of ALISON JIMENZ, ALYN JOSELYN DOMINGUEZ and ARELI JALEAH DOMINGEZ, hereinafter referred to as Plaintiff, complaining of MIDWEST CARRIER, INC., MOHAMED DAHIR and GREAT DANE TRAILERS, INC. hereinafter referred to as Defendants, and for cause of action, Plaintiff would show unto the Court as follows:

**I. JURISDICTION/VENUE**

This Honorable Court has jurisdiction over this action pursuant to Title 28 U.S.C. § 1332(a). The parties herein are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of costs and interest

**II. PARTIES**

Plaintiff is a resident of Titus County, Texas.

Defendant, MIDWEST CARRIER, INC., is a corporation organized and existing under and

1

by virtue of the laws of the State of Minnesota. Said Defendant has been properly served, and has filed an Answer herein. A copy of this amended petition is being forwarded to its counsel of record, William Moye, Thompson, Coe, Cousins & Iron, L.L.P, One Riverway, Ste. 1600, Houston, Texas 77056.

Defendant, MOHAMED DAHIR, is a resident of Columbus, Ohio. Said Defendant has been properly served, and has filed an Answer herein. A copy of this amended petition is being forwarded to his counsel of record, William Moye, Thompson, Coe, Cousins & Iron, L.L.P, One Riverway, Ste. 1600, Houston, Texas 77056.

### III. CONDITIONS PRECEDENT/CAPACITIES

All conditions precedent to Plaintiff's recovery have been performed or have occurred. Plaintiffs sue Defendant in all capacities under which she is entitled to recover.

### IV. FACTUAL ALLEGATIONS

On or about April 20, 2012, LUZ ELENA DOMINGEZ was driving westbound on IH30 in the outer most lane in Titus County, Texas. While in the course and scope of his employment with Defendant Midwest Carrier, Defendant Mohamed Dahir was driving directly ahead of Plaintiff Dominguez. Despite the posted speed limit being 70 M.P.H. at that area of IH 30, Defendant Dahir was traveling at a speed less than 40 M.P.H. This caused Plaintiff Dominguez to strike the rear of the trailer being towed by the vehicle driven by Defendant Dahir. Plaintiff Dominguez's vehicle "under-rode" the trailer.

Upon information and belief, at all time prevalent to this case at bar, the trailer was owned, leased, and maintained by Defendant Midwest Carrier. However, Defendant Midwest Carrier failed to properly and timely inspect the trailer and/or failed to properly maintain the trailer in question for use on public roadways.

**IV.**

As a result of said negligence and defect, Plaintiff has sustained severe injuries including property damage, as well as consequential and incidental damages. Plaintiff would show that the injuries were brought about to occur and were caused solely by the wrongful and tortious conduct of the Defendants herein named.

**V. NEGLIGENCE OF MIDWEST CARRIERS**

At the time and on the occasion in question and immediately prior thereto, Defendant Midwest Carriers committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiffs.

The independent acts of negligence of Defendant Midwest Carriers, include but are not limited to, the following:

- A. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

- B. Hiring and retaining an unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unlicensed, incompetent and/or reckless; and

- C. Failing to properly train, supervise and/or monitor its driver.

Each of the foregoing acts of negligence was a proximate cause of the collision in question and the injuries and damages of Plaintiff.

**VI. RESPONDEAT SUPERIOR**

Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

Defendant Midwest Carriers is liable for the damages proximately caused to Plaintiffs by

the conduct of Defendant Mohamed Dahir in that Defendant Midwest Carriers was the employer of Defendant Mohamed Dahir on the date that Defendant Mohamed Dahir negligently injured Plaintiffs, as alleged above, and Defendant Mohamed Dahir was acting within the course and scope of that employment when that injury occurred or Defendant Midwest Carriers had the right to control the activities of Defendant Mohamed Dahir.

## VII. NEGLIGENT ENTRUSTMENT

Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

At the time and on the occasion in question, and immediately prior thereto, Defendant Midwest Carriers was guilty of negligent entrustment and knew or should have known that Defendant Midwest Carriers was a negligent and reckless driver.

## VIII. NEGLIGENT UNDERTAKING

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiff or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

## IX. GENERAL AND GROSS NEGLIGENCE

The Defendant Midwest Carrier was both <u>ordinarily and grossly negligent</u> in one or more of the following respects:

1. Failing to know the dangers of "the trailer" at issue and others substantially similar to it;

4

2. Failing to adequately and timely inspect the trailer, prior to allowing it to operate on public roadways; and

3. Failing to use ordinary care in maintaining, repairing, and/or operating "the trailer."

The acts, omissions, and/or wrongs of the Defendants outlined above constitutes negligence, gross negligence, and/or malice, are a proximate and producing cause of the damages suffered by Plaintiff.

## X. LIABILITY OF MOHAMED DAHIR

On the occasion in question, the Defendant, Mohamed Dahir, was guilty of certain acts, wrongs and /or omissions, each and all amounting to negligence. Said acts, wrongs, and/or omissions include, without limitation, the following:

1. In operating vehicle at an unsafe speed (too slow);
2. Failing to keep a proper lookout;
3. Failing to control the vehicle;
4. Failing to act and/or respond in a reasonable manner; and
5. In committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial.

All of the above acts, wrongs, and/or omissions, as well as various other acts, wrongs, and/or omissions on the part of the Defendant amounted to negligence and were the proximate cause of the resulting damages and injuries suffered to and by the Plaintiff.

## XI.

Additionally, and alternatively, Plaintiff alleges that Defendants are negligent in causing and/or contributing to the complained-of damages and injuries in this suit, for which Plaintiff seeks recovery of damages herein. Plaintiff additionally claims that the Defendants' conduct, actions and/or inactions were grossly negligent for which Plaintiff seeks punitive damages.

## XII.

In particular, ALISON JIMENZ, ALYN JOSELYN DOMINGUEZ and ARELI JALEAH DOMINGEZ, are the surviving children of LUZ ELENA DOMINGUEZ, deceased. They are additionally entitled to recover, and hereby sue for, the following element damages:

1. Mental anguish sustained in the past as a result of the death of their mother;

2. Mental anguish which, in reasonable probability, they will sustain in the future as a result of the death of their mother;

3. Loss of companionship and society sustained in the past as a result of the death of their mother;

4. Loss of companionship and society which, in reasonable probability, they will sustain in the future as a result of the death of their mother;

5. Pecuniary loss sustained in the past as a result of the death of their mother;

6. Pecuniary loss which, in reasonable probability, the will sustain in the future as a result of the death of their mother;

7. Loss of inheritance and/or loss of addition to the Estate of LUZ ELENA DOMINGUEZ sustained in the past as a result of the death of their mother; and

8. Loss of inheritance and/or loss of addition to the Estate of LUZ ELENA DOMINGUEZ which, in reasonable probability, they will sustain in the future as a result of the death of their mother.

The above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendants herein.

## XIII.

Plaintiff, ARSELIA DOMINGUEZ, is the surviving mother of LUZ ELENA DOMINGUEZ, Deceased. She is additionally entitled to recover, and hereby sues for, the following elements of damages:

1. Mental anguish sustained in the past as a result of the death of her daughter;

2. Mental anguish which, in reasonable probability, she will sustain in the future, as a result of the death of her daughter;

3. Loss of companionship and society sustained in the past as a result of the death of her daughter;

4. Loss of companionship and society which, in reasonable probability, she will sustain in the future as a result of the death of her daughter;

5. Pecuniary loss sustained in the past as a result of the death of her daughter; and

6. Pecuniary loss which, in reasonable probability, she will sustain as a result of the death of her daughter.

The above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendants herein.

## XIV.

ARSELIA DOMINGUEZ, as Representative of The Estate of LUZ ELENA DOMINGUEZ, Deceased, would further show that said Estate is entitled to recover, and hereby sues for, the following elements of damages:

1. Physical pain and mental anguish sustained by LUZ ELENA DOMINGUEZ as a result of the collision of question and prior to her death; and

2. Reasonable and necessary funeral and burial expenses for the funeral and burial of LUZ ELENA DOMINGUEZ.

The above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendants herein.

## XV.

Although the amount to be awarded herein to Plaintiff for their actual damages is a matter lying largely within the discretion of the Jury, your Plaintiff would show that said amount greatly exceeds the minimum jurisdiction of this Honorable Court.

## XVI.

Additionally, Plaintiff would show that the actions and inactions of the Defendants, as alleged herein, whether taken separately or together, will have such a character as to indicate that they were the result of the conscience indifference to the rights, welfare and safety of the Plaintiff. Therefore, Plaintiff says that the Defendants are guilty of gross negligence for which they should be held liable in punitive and exemplary damages to the Plaintiff in an amount of at least four (4) times the actual damages.

## XVII.

Plaintiff also asserts a claim for prejudgment interest for all elements of damage that such interest is allowed for.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be duly cited in terms of law to appear and answer herein, and that upon final hearing, Plaintiff has judgment against said Defendants, which are within the minimal jurisdictional limits of this Court, for both pre- and post-judgment interest thereon at the legal rate, for both punitive and exemplary damages, for cost of court, and for such other and further relief, special or general, at law or in equity, to which Plaintiff may show themselves justly entitled to receive.

Respectfully submitted,

PROVOST ✶ UMPHREY LAW FIRM, L.L.P.
490 Park Street
P. O. Box 4905
Beaumont, Texas 77704
(409) 835-6000
Fax (409) 838-8888


By: /s/ Joe Fisher, II
    Joe Fisher, II
    Texas Bar Assn. #00787471

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.


    /s/ Joe Fisher, II
Joe Fisher, II